IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| GINGER UPTON and SARAH BEACH | § § § § | PLAINTIFFS |
| v. | § § § | Civil No. 2:24-cv-129-HSO-BWR |
| JAMIE MOULDS, et al. | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT MICHAEL TURNER'S
MOTION [28] TO DISMISS**

Defendant Michael Turner's Motion [28] to Dismiss seeks dismissal of
Plaintiffs Ginger Upton's and Sarah Beach's claims against him on grounds of
qualified immunity because the Amended Complaint [10] does not specify his
personal involvement in the misconduct alleged in this case. The Court finds that
the Motion [28] to Dismiss should be denied in part, with respect to the individual
capacity bystander liability claims against Defendant Michael Turner arising out of
alleged body-cavity searches of Plaintiffs, but otherwise granted in part as to all
other claims against Defendant Michael Turner.

## I. BACKGROUND

A.    Plaintiffs' Factual Allegations

On January 30, 2024, Plaintiffs Ginger Upton ("Upton") and Sarah Beach
("Beach"), along with two male passengers, were traveling in their vehicle in
Columbia, Mississippi, when they were pulled over by Defendant Jamie Moulds
("Officer Moulds"), of the Columbia Police Department ("CPD"). Am. Compl. [10] at

7.  Plaintiffs Upton and Beach (collectively "Plaintiffs") contend that they were driving at a safe and reasonable rate of speed and obeying all traffic laws, and that Officer Moulds lacked probable cause to stop them.  *Id.*  Officer Moulds stated that he stopped the vehicle "because he could not see if the occupants (including Plaintiffs) were wearing their seatbelts[,]" *id.* (emphasis omitted), but the Amended Complaint [10] asserts that, after observing that Plaintiffs and their passengers were wearing seatbelts "and that no crime or other traffic violations were being committed," Officer Moulds began to question them, *id.* at 8.  As this was occurring, other CPD Officers arrived on-scene, including Defendant Officers Chris Bush, Lance Poirer, Michael Turner, and Austin Riels.  *Id.*

Plaintiffs and their two male passengers were removed from the vehicle.  *Id.* The Amended Complaint [10] alleges that the CPD Officers then conducted an "illegal and unauthorized search of the vehicle[,]" and that, although a "very small amount of marijuana (or a 'roach') was discovered in the vehicle . . . [,] the participating Defendants failed to discover any illegal substances, contraband, and/or any other criminal violations of any kind."  *Id.*  During the search, Plaintiff Upton "voiced her opinion that there were some 'bad cops' on the Columbia Police force and that she had previously experienced harassment from other Columbia Police Officers[.]"  *Id.* at 8-9.  Plaintiffs claim that, "immediately upon hearing Ms.

Upton's criticisms," a CPD Officer requested a female officer's presence on the scene.[1]  *Id.* at 9.

Defendant Delta Elizabeth Ward ("Officer Ward") responded and allegedly conducted a body-cavity search of Plaintiff Upton "on the side of a public roadway in . . . broad daylight . . . in plain view of the public and in violation of Ms. Upton's clearly established constitutional rights."  *Id.*  Plaintiffs claim that this occurred in full view of bystanders who witnessed the event, subjecting Plaintiff Upton to "public humiliation as the construction workers began to stare, point and laugh upon witnessing the illegal search."  *Id.* at 10.  The same body-cavity search was then performed on Plaintiff Beach.  *Id.* at 10-11.

Plaintiffs contend that no illegal substances or contraband were produced as a result of the body-cavity searches.  *Id.* at 11.  And the Amended Complaint [10] alleges that, even if the CPD officers "reasonably suspected that Plaintiffs were concealing contraband in a body cavity (they did not), no officer would believe a roadside body-cavity search to be reasonable when there were no exigent circumstances then-existing that would require the search to be conducted on the public roadside . . . ."  *Id.* at 11.  Finally, the Amended Complaint [10] advances that the CPD officers "knew, or should have known, that a search warrant must be obtained prior to conducting a body cavity search and, even if the participating

---

[1] The Amended Complaint [10] cites to a recording that Plaintiff Upton claims she made during the incident, Am. Compl. [10] at 9 n.2., but this recording was not attached to the Amended Complaint [10] and does not otherwise appear in the record.

Defendants had obtained a proper warrant, the search must be performed as prescribed by law, i.e., in a medical facility by a medical professional." *Id.*

B.    <u>Procedural History</u>

Plaintiffs filed suit in this Court on August 22, 2024, *see* Compl. [1], and followed up with an Amended Complaint [10] on October 25, 2024, *see* Am. Compl. [10]. The Amended Complaint [10] names as Defendants Officer Moulds, Officer Chris Bush, Officer Austin Riels, Officer Lance Poirer, Officer Michael Turner, Officer Delta Ward, CPD Chief of Police Michael Kelly, John Does 1-10, and the City of Columbia, Mississippi. *Id.* at 1-3. The nine-count pleading advances claims for: (1) violations of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, et seq. ("MTCA") (Count One); (2) unconstitutional use of excessive force and illegal search and seizure pursuant to 42 U.S.C. § 1983 (Count Two); (3) *Monell* violations against Defendants Chief of Police Michael Kelly and the City of Columbia, Mississippi (Count Three); (4) deprivation of Plaintiffs' First Amendment free speech rights (Count Four); (5) retaliation under § 1983 (Count Five); (6) violation of Plaintiffs' equal protection rights under the Fourteenth Amendment (Count Six); (7) failure to adequately train or supervise against Defendants Chief of Police Michael Kelly and City of Columbia, Mississippi (Count Seven); (8) bystander liability claims against the CPD Officers on-scene (Count Eight); and (9) intentional infliction of emotional distress (Count Nine). *Id.* at 12-20.

Arguing that the Amended Complaint [10] lacks the required specificity under Federal Rule of Civil Procedure 8 as to any individual capacity claims against

him, Defendant Michael Turner's ("Officer Turner") Motion [28] seeks dismissal.

Mot. 28 at 1; Mem. [29] at 2.  As to any official capacity claims against him, Officer

Turner contends that a policy or custom was not the moving force behind any

constitutional violations.  *Id.* at 3.

     Plaintiffs counter by pointing to paragraphs 12 and 16 of the Amended

Complaint [10], *see* Mem. [35] at 3-4, which state that

> [a]t all relevant times hereto and based upon information and belief, the
> Defendants Moulds, Bush, Riels, Poirer, Turner, Ward and John Does
> 1-10 (collectively referred to as the "participating Defendants") were
> employed as police officers, employees, agents, investigators,
> supervisors and/or peace officers by the Columbia Police Department
> and were acting under the direction, control, and supervision of the
> Defendants City of Columbia and/or Chief of Police, Michael Kelly. . . .
>
> . . .
>
> The participating Defendants were not adequately trained and/or
> supervised as to the requirements of probable cause, as to obtaining
> proper informed consent and/or search warrants to perform strip or
> body-cavity searches, and/or in regard to the laws or procedures
> concerning strip or body-cavity searches.  As a direct result of the
> Defendants [sic] complete and utter failure to instruct, supervise,
> control and/or discipline the participating Defendants, the pervasive
> conduct complained of herein is so ongoing and widespread that such
> conduct has become "second-nature" to the participating Defendants
> who conducted and/or failed to prevent the illegal, roadside body-cavity
> searches of Plaintiffs.

Am. Compl. [10] at 3, 5.  Plaintiffs also highlight that their bystander liability

claims in Count Eight offer specific factual allegations, that

> all Defendants who were present during the illegal and unconstitutional
> body-cavity search performed by Officer [Ward] (herein the "Bystander
> Defendants") are liable under § 1983 because: (1) they knew that Officer
> [Ward] was violating Plaintiff Upton's and Plaintiff Beach's clearly-
> established constitutional rights by performing the warrantless,
> unauthorized, roadside body-cavity searches; (2) they had more than a

reasonable opportunity to prevent the harm caused by the searches; and,
(3) they decided not to act and/or intervene.[2]

Am. Compl. [10] at 19; *see also* Mem. [35] at 4.  Plaintiffs argue that under clearly
established Fifth Circuit precedent, no reasonable officer would find a roadside
body-cavity search permissible where no exigent circumstances existed.  Mem. [35]
at 5.  Plaintiffs posit that they have, at a minimum, sufficiently stated a bystander
liability claim because the roadside body-cavity searches violated their
constitutional rights, and any of the CPD Officers present, including Officer Turner,
could have intervened to stop these unconstitutional searches.  *Id.*

In his Reply [37], Officer Turner notes that Plaintiffs did not address his
argument as to the official capacity claims against him, such that those claims
should be dismissed.  Reply [37] at 2.  As for the individual capacity, non-bystander
liability claims, Officer Turner contends that the Amended Complaint [10] does not
offer any factual detail as to how he individually violated Plaintiffs' rights, such
that he is entitled to qualified immunity.  *Id.* at 2-3.  Regarding the bystander
liability claim, he argues that Plaintiffs have not alleged that he had knowledge of
or "acquiesced in" any constitutional violation.  *Id.* at 3-4.

## II. <u>DISCUSSION</u>

A.  <u>Legal Standard</u>

When presented with a motion to dismiss under Federal Rule of Civil
Procedure 12(b)(6), a court "must assess whether the complaint contains sufficient

---

[2] Of note, the Amended Complaint [10] does not assert a bystander liability claim against Officer
Turner as to any of the other alleged constitutional violations.  *See* Am. Compl. [10] at 19.

factual matter, accepted as true, to state a claim for relief that is plausible on its face. . . ." *Spitzberg v. Houston Am. Energy Corp.*, 758 F.3d 676, 683 (5th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he court may not look beyond the pleadings in ruling on the motion," *Baker v. Putnal*, 75 F.3d 190, 197 (5th Cir. 1996), and must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff, *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (citation omitted). A complaint does not need detailed factual allegations, but it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations must raise a right to relief above the speculative level. *See id.*

Officer Turner has invoked qualified immunity, under which "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *McClendon v. City of Columbia*, 305 F.3d 314, 322 (5th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A two-pronged inquiry informs the qualified immunity analysis. *Rockwell v. Brown*, 664 F.3d 985, 990-91 (5th Cir. 2011) (citation omitted). The first prong concerns "whether an official's conduct violated a constitutional right of the plaintiff[,]" while the second asks "whether that right was clearly established at the time of the violation." *Id.* at 991 (citation

omitted).  "[A] court may conduct the two-pronged qualified immunity inquiry . . . in any sequence."  *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009).

A court faced with a motion to dismiss based upon qualified immunity must, before allowing discovery, "first find that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity."  *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (quotation omitted).  "[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity."  *Id.*

B.    Analysis

1.    Plaintiffs' Official Capacity Claims against Officer Turner

"[O]fficial capacity suits are really suits against the governmental entity[.]" *Goodman v. Harris Cnty.*, 571 F.3d 388, 396 (5th Cir. 2009); *see also Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n.55 (1978))).  "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.  It is *not* a suit against the official personally, for the real party in interest is the entity."  *Kentucky*, 473 U.S. at 166 (citations omitted) (emphasis in original).  For this reason, when faced with official capacity claims against individual police officers and *Monell* claims against the entity employing

8

them, the proper course of action is to dismiss the official capacity claims against the individuals as redundant. *See Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) (affirming a district court's dismissal of official capacity claims because "these allegations duplicate claims against the respective governmental entities themselves"); *see also Favre v. Harrison Cnty., Mississippi*, No. 1:21-CV-00328-BWR, 2024 WL 310712, at *8 (S.D. Miss. Jan. 26, 2024) (dismissing official capacity claims against individual defendants because the government entity which employed them was also a party to the lawsuit); *Blackmon v. Adams Cnty., Mississippi*, No. 5:21-CV-62-KS-RHWR, 2022 WL 1434652, at *6 (S.D. Miss. May 5, 2022) (same); *Seibert v. Jackson Cnty., Miss.*, No. 1:14-CV-188-KS-MTP, 2014 WL 4146487, at *2 (S.D. Miss. Aug. 19, 2014) (same).

Plaintiffs do not defend their official capacity claims against Officer Turner, and his employing agency, the City of Columbia, Mississippi, is named as a Defendant. *See* Resp. [34]; Mem. [35]. As there "is no advantage to Plaintiffs, practical or otherwise, in retaining the official-capacity claims against the individual Defendants alongside the identical claims against the [City of Columbia, Mississippi,]" maintaining both "needlessly clutters the record" such that the official capacity claims against Officer Turner should be dismissed. *Blackmon*, 2022 WL 1434652, at *6.

2.    Plaintiffs' Individual Capacity Claims against Officer Turner

Turning first to Plaintiffs' bystander liability claim, "[a]n officer may be liable under § 1983 under a theory of bystander liability where the officer (1) knows that a

9

fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013).

The Fifth Circuit has held that "it [i]s clearly established in the Fifth Circuit that an officer could be liable as a bystander in a case involving excessive force if he knew a constitutional violation was taking place and had a reasonable opportunity to prevent the harm." *Hamilton v. Kindred*, 845 F.3d 659, 663 (5th Cir. 2017) (addressing bystander liability in the context of a roadside body-cavity search). Likewise, "no reasonable officer would have found a roadside body cavity search reasonable even if they 'reasonably suspected that Plaintiff was concealing contraband in a body cavity' if 'there were no exigent circumstances requiring the search to be conducted on the public roadside rather than at a medical facility[.]'" *Id.* at 662 (quoting *Martin v. City of San Antonio*, No. SA-05-CA-0020-XR, 2006 WL 2062283, at *5 (W.D. Tex. July 25, 2006)).

Given the foregoing authority, the Amended Complaint [10] contains sufficient factual detail, if accepted as true, to adequately allege that an unconstitutional body-cavity search occurred, and that no exigent circumstances required that it take place in a public place. *See generally* Am. Compl. [10].  So, assuming the truth of the facts pled, as the Court must at the Rule 12(b)(6) stage, Plaintiffs have asserted the violation of a constitutional right that was clearly established at the time of the incident; the question becomes whether the elements

of bystander liability have been sufficiently pled as against Officer Turner.  *See*

*Hamilton*, 845 F.3d at 663.

Viewing the pleadings in the light most favorable to Plaintiffs, the Amended

Complaint [10] claims that Officer Turner was among the group of "other Officers

with the Columbia Police Department (the 'participating Defendants') [that] were

dispatched and arrived on-scene . . . ."  Am. Compl. [10] at 3, 8.  Plaintiffs further

allege that the Officers on-scene "knew that Officer [Ward] was violating Plaintiff

Upton's and Plaintiff Beach's clearly-established constitutional rights by performing

the warrantless, unauthorized, roadside body-cavity searches[,]" that "they had

more than a reasonable opportunity to prevent the harm caused by the searches[,]"

and that "they decided not to act and/or intervene."  *Id.* at 19.  At this early stage of

the litigation, this is sufficient to assert a plausible claim of bystander liability

against Officer Turner with respect to the body-cavity searches that could overcome

qualified immunity.[3]

As for Plaintiffs' other individual capacity claims against Officer Turner, "[a]

plaintiff seeking to overcome qualified immunity must specifically identify each

defendant's personal involvement in the alleged wrongdoing."  *Jimerson v. Lewis*, 94

F.4th 423, 428 (5th Cir. 2024) (quotations omitted); *see also Anderson v. Pasadena*

*Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999) (holding that at the Rule

---

[3] Plaintiffs' bystander liability claim only seeks to hold Officer Turner liable for his inaction with
respect to the body-cavity searches.  *See* Am. Compl. [10] at 19 ("Defendants who were present
during the illegal and unconstitutional body-cavity search performed by Officer Delta . . . are liable
under § 1983 because: (1) they knew that Officer Delta was violating Plaintiff Upton's and Plaintiff
Beach's clearly-established constitutional rights by performing the warrantless, unauthorized,
roadside body-cavity searches . . . .").  The Amended Complaint [10] does not bring any bystander
liability claims against Officer Turner as to any of the other alleged constitutional violations.  *See id.*

12(b)(6) stage a plaintiff "must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged").  For this reason, "a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *LeBlanc*, 691 F.3d at 548.  As opposed to Plaintiffs' bystander liability claims, their other individual liability claims against Officer Turner do not articulate any facts specific to his individual conduct or involvement.  *See generally* Am. Compl. [10].  This is insufficient.

 With respect to their MTCA, excessive force, equal protection, and intentional infliction of emotional distress claims, Plaintiffs have not articulated any facts tending to show how Officer Turner was personally involved in pulling them over or in actually conducting the body-cavity searches.  *See id.*  As for the retaliation and First Amendment claims, the Amended Complaint [10] only states that "one of the participating Defendants can be heard requesting a female officer to the scene" upon hearing Plaintiff Upton's complaint about "bad cops" in the CPD.  *Id.* at 10. These claims cannot survive against Officer Turner because Plaintiffs have not specifically alleged that he was the CPD Officer who called Officer Ward to the scene to conduct a body-cavity search, or that he otherwise personally participated in these events.  *See Jimerson*, 94 F.4th at 428 ("A plaintiff seeking to overcome

qualified immunity must specifically identify each defendant's personal involvement in the alleged wrongdoing." (quotations omitted)).[4]

For these reasons, Officer Turner is entitled to qualified immunity on Plaintiffs' non-bystander individual liability claims against him, and these will be dismissed.

## III.  CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Officer Michael Turner's Motion [28] to Dismiss is **DENIED IN PART**, as to Plaintiffs' bystander liability claim against him related to the body-cavity searches. The Motion [28] is **GRANTED IN PART** as to all other individual capacity claims against Officer Turner and these claims are **DISMISSED WITH PREJUDICE**. The official capacity claims against Officer Turner are **DISMISSED** as redundant.

**SO ORDERED AND ADJUDGED**, this the 8th day of May, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Plaintiffs' *Monell* claim contained in Count Three and failure to train claim in Count Seven are brought only against Defendants Chief of Police Michael Kelly and City of Columbia, Mississippi. *See* Am. Compl. [10] at 13-14, 17-19.